Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 1 of 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **KRISTEEN KLEHM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 4:15-cv-03319** |
| | § | |
| **DELTA SCREEN & FILTRATION,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## JOINT PRETRIAL ORDER

### Appearance of Counsel

Plaintiff, Kristeen Klehm, represented by Robert J. Filteau, and John A. Sullivan, III, The Law Offices of Filteau & Sullivan, Ltd., LLP, 9894 Bissonnet Street, Suite 865, Houston, Texas 77036.  Telephone - (713) 236-1400; Email – rfilteau@fso-lawprac.com.

Defendant, Delta Screen & Filtration, LLC, represented by Nancy L. Patterson and Sarah B. Morton, Morgan Lewis & Bockius, LLP, 1000 Louisiana, Suite 4000, Houston, Texas 77002.   Telephone – (713) 890-5195; Email – nancy.patterson@morganlewis.com, sarah.morton@morganlewis.com.

### Statement of the Case

The plaintiff is Kristeen Klehm ("Klehm").  The defendant is her former employer, Delta Screen & Filtration, LLC ("Delta").

This is a case filed under the Fair Labor Standards Act ("FLSA").  During all times relevant to this case, Plaintiff was employed by Delta at its manufacturing facility in Houston, Texas.  Plaintiff alleges that she was misclassified as an exempt employee  and that she is entitled to overtime pay from November 11, 2012 (three years prior to the date the Complaint was filed), until May 21, 2015.

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 2 of 13

Defendant alleges that it properly classified Klehm as exempt under the FLSA and thus she is not owed any back wages for overtime.

## Jurisdiction

The court has jurisdiction of this case because it involves a federal question and the application of the FLSA to Klehm's employment with Delta.

## Motions

Plaintiff's Motion in Limine is attached as Exh. K.

Defendant's Motion in Limine is attached as Exh. L.

Contemporaneously with the Joint Pretrial Order, Defendant is filing a Motion Regarding Order of Trial Presentation.

## The Parties' Contentions

Plaintiff's contentions:

Plaintiff contends that she was misclassified as exempt from overtime because 1) her primary duty was not directly related to the management or general business operations of the employer or its customers; and 2) her primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

Delta did not maintain any records of Klehm's hours worked. She contends that she worked an average of 7.5 hours per week of overtime, except for five or six weeks annually. Her claim ends on May 21, 2015 when she began working from home after her doctor ordered her to remain on bed rest.

At an annual salary of $70,000 during the period November 11, 2012 to November 11, 2013, Klehm's regular rate was $33.65 per hour. During the period November 11, 2014 to November 11, 2014, her regular rate was $38.46 based on an annual salary of $80,000. From November 11, 2014 until her work from home began, her annual salary was $90,000, resulting in a regular hourly rate of $43.27. She is entitled to one and one-half times her hourly rate for overtime, resulting in the following damages:

Year 1 – 180 hours (24 weeks) x \$64.91/hr. = \$11,683.80
Year 2 – 345 hours (46 weeks) x \$59.13/hr. = 20,399.85
Year 3 – 345 hours (46 weeks) x \$50.48/hr. = <u>17,415.60</u>

Overtime owed =      \$49,499.25

Because the Defendant's failure to comply with the FLSA was neither reasonable nor done in good faith, Klehm is entitled to an award of an additional equal amount as liquidated damages (29 U.S.C. §216(b)), bringing her damages to \$98,998.50.

<u>Defendant's contentions:</u>

Klehm was properly classified as exempt under the FLSA. Klehm was hired by Delta in August 2010 as a Water Well Inside Sales Representative at a salary of \$52,000. She was promoted to the position of Office Manager in August 2012 with an annual salary of \$70,000. She received a merit increase in her annual salary in September 2013 to \$80,000. She received another merit increase in her annual salary in September 2014 to \$90,000.

Delta contends that Klehm was properly classified as exempt pursuant to the Administrative Exemption. Klehm was one of the "core" members of the Delta team whose work and contributions became increasingly vital to Delta's business operations after her initial employment. As the company grew, and with her promotion to Office Manager in 2012, Klehm took on more responsibilities and an even more significant place in the ongoing business operations. As Office Manager, she began reporting directly to Mr. Grifno, the General Manager. She worked with Delta's accounting software and oversaw customer invoicing. She monitored accounts receivable and customer collections. She would determine whether customers needed to be followed up with regarding outstanding amounts so as to ensure full and timely collections, and she was the one to make those customer calls to collect monies owed. These functions were absolutely vital to Delta's ability to continue business operations and, indeed, to grow as manufacturing business. She exercised independent judgment and discretion in doing so and performed these functions without Mr. Grifno's direction. She was also involved in overseeing and approving employee hours information for payroll. She had full authority for decisions as to the hiring, oversight and termination, if necessary, of Delta's office cleaning vendor and the exterior/lawn and landscaping maintenance vendor. She also hired and supervised Delta's receptionist. Finally,

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 4 of 13

Plaintiff took on special projects for Delta throughout her tenure as Office Manager.

Delta disputes Klehm's contention that she worked any overtime during the relevant time period.

Delta acted in good faith when classifying Klehm as exempt and therefore Klehm is not entitled to an award of liquidated damages in the event she prevails on liability.

## Stipulations of the Parties

1.  The Fair Labor Standards Act (FLSA) is applicable to the facts of this case.

2.  Delta Screen and Filtration, LLC was Klehm's "employer" as defined by the FLSA.

3.  Klehm was Delta's "employee" as defined by the FLSA.

4.  Delta is an "enterprise engaged in commerce" as defined by the FLSA.

5.  Klehm was employed by Delta from September 2010 to October 2015.

6.  Klehm was hired by Delta in the position of Water Well Inside Sales Representative at an annual salary of $52,000. She was offered the position by Delta's General Manager, Richard Grifno. Klehm and Grifno had worked together at a previous company.

7.  In August 2012, Klehm was promoted to the position of Office Manager and her annual salary was increased to $70,000. She remained in that position until the end of her employment in October 2015.

8.  Klehm received a merit increase in her annual salary effective September 16, 2013 to $80,000.

9.  Klehm received another merit increase in her annual salary effective September 22, 2014 to $90,000.

10. During Klehm's tenure as Office Manager, Delta classified Klehm as exempt from the overtime provisions of the FLSA.

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 5 of 13

11. Delta compensated Klehm on a "salary basis," and her salary was not docked during the relevant time period.

12. As Office Manager, Klehm was not paid overtime for any hours she worked in excess of 40 hours per week during the relevant time period.

13. During the relevant time period there were some workweeks during which Klehm worked more than 40 hours and was not paid an overtime premium for those hours.

14. The relevant time period for this case ends on May 21, 2015 when Klehm went on bed rest as directed by her physician. During the period from May 21, 2015 through the end of her employment in October 2015, Klehm worked from home and Delta continued to pay Klehm her full salary as Office Manager. Klehm does not contend that she worked more than 40 hours per week during the time she was working from home.

## Agreed Applicable Propositions of Law

1. The employer has the burden of proving an overtime-pay exemption. *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002).

2. To qualify for the FLSA's Administrative Exemption, the employee must:

    (1) Be compensated on a salary or fee basis at a rate of not less than $455 per week...; and

    (2) Have a primary duty performing office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

    (3) Have a primary duty which includes the exercise of discretion and independent judgment with respect to matters of significance.

    29 C.F.R. § 541.200.

3. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 6 of 13

character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. 29 C.F.R. §541.700(a).

4.     The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee.   Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement.  Time alone, however, is not the sole test, and nothing in the law requires that exempt employees spend more than 50 percent of their time performing exempt work.  Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.  Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register.  However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement.   29 C.F.R. §541.700(b)-(c).

5.     The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee.  To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.   Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities.   An employee may also qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 7 of 13

general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or customers (as tax experts or financial consultants, for example) may be exempt. 29 C.F.R. §541.201.

6.      In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed. The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long-or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances. 29 C.F.R. §541.202 (a)-(b).

7.      The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions

Case 4:15-cv-03319 Document 26 Filed in TXSD on 05/05/17 Page 8 of 13

are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. The exercise of discretion and independent judgment also does not include clerical or secretary work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work. An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. 29 C.F.R. §541.202 (c), (e), (f).

8.      Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures. 29 C.F.R. §541.102.

9.      The FLSA requires Delta to make, keep and preserve records of a non-exempt employee's hours. If the employer's records are inadequate or inaccurate, the employee may satisfy her burden by proving that she performed work that was improperly compensated and producing sufficient evidence to show the amount and extent of that work "as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). If the employee meets her burden, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. Anderson, 328 U.S. at 687-88; *Rosales v. Lore*, 149 Fed. Appx. 245, 246 (5th Cir.2005). If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result is only approximate. *Anderson* at 688.

10.    Once the fact finder has determined that the employee was misclassified and is due overtime pay, the trial court must determine the regular rate of pay and overtime premium, which are questions of law. *Black v. Settlepou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013) (citing *Ransom v. M. Patel Enters., Inc.*, 734 F.3d 377, 381-82 (5th Cir. 2013)).  There are two methods of calculating overtime:  (1) the non-Fluctuating Workweek Method ("FWW") method, where the employee's salary for the week is divided by 40, and then the employee is paid 1.5 times that amount for every hour the employee worked over 40 in a workweek; and (2) the FWW method, which is explained below.

11.    The FWW method of calculating overtime is appropriate "when the employer and the employee have agreed that the employee will be paid a fixed weekly wage to work fluctuating hours." *Black*, 732 F.3d at 498.  For the FWW method, the regular rate is calculated by dividing the actual hours worked each week into the fixed salary. *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 11338-39 (5th Cir. 1988).  Unlike the non-FWW time-and-half method, this employee has already been compensated straight time for all hours worked in a given workweek, so overtime compensation due, if any, is determined by multiplying all hours over 40 in that workweek by  one-half (.5) the regular rate for that particular week. *Id.*

12.    The question of whether an employer and employee agreed to a fixed weekly wage for fluctuating hours is a question of fact. *Ransom*, 734 F.3d at 381 ("[T]he number of hours the [employee's] fixed salary was intended to compensate . . . is a question of fact.")  The parties' initial understanding of the employment arrangement as well as the parties' conduct during the period of employment must both be taken into account in determining whether the parties agreed that the employee would receive a fixed salary as compensation for all hours worked in a week, even though the number of hours may vary each week. *Ransom*, 734 F.3d at 386 (concluding that the parties' "course of conduct, along with the parties' initial understanding of the employment arrangement, establishes that the [employees] were to be paid a fixed salary for the total number of hours they worked in a week").

13.    Under section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, a judge is empowered to exercise discretion to eliminate the employer's liability for liquidated damages (double the overtime back pay award) if the employer shows that the action or omission giving rise to such action was in good faith and that it had reasonable grounds for believing that its act or omission was not a violation of

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 10 of 13

the FLSA. 29 U.S.C. § 260; *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990).

14. An employer can satisfy the "reasonable grounds" element to excuse it from liquidated damages if the employer acted under a reasonable belief that its acts conformed with the law. *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 & n. 34 (5th Cir. 1999). "'The purpose of [29 U.S.C. § 260] was to mitigate the harshness of the then-strict liability offense of violating Section 216, with its attendant double-damage assessment.'" *Id.* at 267 (quoting *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986)).

15. The statute of limitations for an unpaid-overtime FLSA claim is generally two years after the cause of action accrued. 29 U.S.C. §255(a). The limitations period is extended to three years for willful violations. 29 U.S.C. §255(a). To prove willfulness and obtain the benefit of the three-year limitations period, an employee must establish that the employer "either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA]." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

16. Neither knowledge of the FLSA's potential applicability nor negligent or unreasonable conduct necessarily establishes willfulness. *E.g., McLaughlin*, 486 U.S. at 132-33; *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127-28 (1985); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990). For example, an employer that "act[s] without a reasonable basis for believing that it was complying with the [FLSA] is merely negligent, *McLaughlin*, 486 U.S. at 134-35, as is an employer that, without prior notice of an alleged violation, fails to seek advice regarding its payment practices, *e.g., Mireles*, 899 F.2d at 1416.

17. In contrast, willfulness occurs where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . .". *McLaughlin*, 486 U.S. at 133. For example, employers act willfully when they know their pay structures violate the FLSA or ignore complaints brought to their attention. *See, e.g., Ikossi-Anastasiou v. Bd. of Supervisors of La State Univ.*, 579 F.3d 546, 553 & n. 24 (5th Cir. 2009) (citing cases). The Fifth Circuit has recognized that, after *Thurston*, a showing of willfulness under the FLSA requires, at a minimum, reckless disregard. *Halferty v. Pulse Drug. Co., Inc.*, 826 F.2d 2, 3-4 (5th Cir. 1987).

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 11 of 13

## Contested Issues of Fact

1.     Whether Klehm's primary duty as Office Manager involved the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers.

2.     Whether Klehm's primary duty as Office Manager included the exercise of discretion and independent judgment with respect to matters of significance.

3.     Whether the parties agreed that Klehm's fixed salary was intended to compensate her for all the hours she worked each week, no matter how her hours fluctuated.

4.     Whether Klehm worked any hours over 40 during any workweek in the relevant time period.

5.     In the event Klehm worked more than 40 hours in any workweek, how many hours in excess of 40 did she work in each workweek.

## Contested Issues of Law

1.     Whether Klehm meets the requirements of the Administrative Exemption (ultimately a question of law, but based on findings of fact).

2.     If the exemption is not established and the jury finds that Plaintiff worked overtime hours for which she was not compensated, whether the FWW method should be used to calculate damages (as Delta contends), or whether the non-FWW method should apply (as Klehm contends).

3.     If the exemption is not established and the jury finds that Plaintiff worked overtime hours for which she was not compensated, whether Delta's conduct was willful, thus resulting in a three-year (rather than two-year) statute of limitations.

4.     If the exemption is not established and the jury finds that Plaintiff worked overtime hours for which she was not compensated, whether   Klehm is entitled to liquidated damages, as determined by the Court.

5.     Whether the jury should be asked to calculate damages at all, or whether (as Delta contends), a finding from the jury on the total number of overtime hours worked in each workweek during the relevant time period is sufficient.

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 12 of 13

## Exhibits

Plaintiff attaches her exhibit list as Exh. A.

Defendant attaches its exhibit list as Exh. B.

## Witnesses

Plaintiff attaches her witness list as Exh. C.

Defendant attaches its witness list as Exh. D.

## Settlement

The parties have discussed settlement but have been unable to reach an amicable resolution of this case. Delta has previously suggested mediation or a settlement conference, however, Plaintiff has not indicated interest.

## Trial

(a)  This case will be tried to a jury;

(b)  The probable length of trial is 16 hours;

(c)  At the present time the parties do not foresee a problem with the availability of witnesses;

(d)  There are no foreseeable logistical problems currently known to the parties.

## Additional Required Attachments

(a)  Plaintiff's proposed questions for the voir dire examination are attached as Exh. E.

(b)  Defendant's proposed questions for the voir dire examination are attached as Exh. F.

(c)  Plaintiff's Proposed Jury Charge, including all instructions, definitions and questions is attached as Exh. G.

Case 4:15-cv-03319   Document 26   Filed in TXSD on 05/05/17   Page 13 of 13

(d)     Defendant's Proposed Jury Charge, including all instructions, definitions and questions is attached as Exh. H.

(e)     Plaintiff's trial brief is attached as Exh. I .

(f)     Defendant's trial brief is attached as Exh. J.

__5/11/17_____          _____

Date                                      DAVID HITTNER
                                          UNITED STATES DISTRICT JUDGE

APPROVED:


_____        _____
Counsel for Plaintiff(s)                 Date


_____        _____
Counsel for Defendant(s)                 Date


13